IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARK GOLDFEDER,**
  an individual,

      Plaintiff,                             CASE NO.: 8:20-cv-00378-SDM-CPT

v.

**CITY OF TARPON SPRINGS, FLORIDA,**
 a Florida municipality,

      **Defendant.**

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARK GOLDFEDER (hereinafter, "Plaintiff" or "Goldfeder") by and through his undersigned counsel, sues Defendant, CITY OF TARPON SPRINGS, FLORIDA, (hereinafter, "Defendant") and in support thereof states as follows:

### Nature of the Action

This action is brought under Title I and Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA"), the Age Discrimination in Employment Act 29 U.S.C. 621, et seq. ("ADEA") and the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA") to redress Defendant's unlawful employment practices, including Defendant's failure to promote Plaintiff and the wrongful termination of his employment.

### Parties

1. Plaintiff was a resident of Pasco County, Florida, at all times relevant to this matter and was formerly employed by Defendant as a Firefighter/Paramedic.

2. Defendant is a Florida municipality located and opearating in Pinellas County, Florida, at all times relevant to this matter.

3. Defendant operates a Fire Rescue department to protect and for the benefit of its citizens.

4. Defendant was Plaintiff's employer within the meaning of the ADA and FCRA at all times relevant to this action.

5. Plaintiff was at all times relevant hereto an eligible employee as defined by the ADA and FCRA.

### Jurisdiction and Venue

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337, 1343 & 1345.

7. The Middle District of Florida, Tampa Division is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which Plaintiff resides and in which the events or omissions giving rise to the claims occurred.

8. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, if any, including the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), receiving a right to sue notice from same and timely filing the present action.

### Factual Background

9. Plaintiff was employed by Defendant as a Firefighter/Paramedic from December of 2004 until his illegally motivated termination on March 17, 2020.

10. Plaintiff devoted himself without reservation to protecting Defendant's citizens and helping the Fire Rescue Department serve the community in an effective and diligent manner.

11. During his employment Plaintiff suffered from disabling health conditions requiring Defendant to grant various accommodations and benefits, including necessary leave time.

12. Defendant subjected Plaintiff to an onging pattern of harassment and disparate treatment as a result of his health problems and in retaliation for having sought accommodations from Defendant with regard to same.

13. Defendant's hostile and retaliatory treatment of Plaintiff further exacerbated his health conditions.

14. Likewise, Defendant engaged in an overt campaign of discrimination based upon Plaintiff's age as it related to promotions of younger individuals who were less qualified than Plaintiff.

15. Defendant's retaliaory and discriminatory condcut included ignoring proper and equitable treatment of Plaintiff, often failing to adhere to and/or follow normal rules and/or procedures.

16. In December of 2017 Defendant launched a baseless administrative investigation against Plaintiff, falsely alleging that he had intimidated and threatened a probationary firefighter by simply asking her a question. Most noteworthy is that Plaintiff had merely inquired as to certain statements that were made with regard to a promotion to the lieutenant position; something Plaintiff had been routinely and unjustifiably denied on prior occassions due to his age.

17. Plaintiff was ultimately exonerated in the investigation, but this most recent incident of harassment adversely affected his health condition and necessitated him taking a medical leave from December 28, 2017 until May 21, 2018.

18. Upon his return to duty Plaintiff found himself back in the same unwelcoming and disparate work environment.

19. On August 1, 2018, an individual who was less qualified was promoted to lieutenant over Plaintiff, who was top of the eligibility list and had actually served as an "acting lieutenant" for months in an effort to help the department when a lieutenant was out ill.

20. As with a number of decisions being made by command staff regarding Plaintiff, normal rules and procedures were being overlooked to adversely target Plaintiff.

21. Plaintiff was again subjected to age discrimination when on August 6, 2018, promotions to the Driver Engineer position were announced, passing him over in favor of younger and far less experienced drivers with three (3) of the five (5) selected having been ranked below him with regard to eligibility.

22. Plaintiff subsequently filed two (2) grievances based upon the improper and illegally motivated promotional process on the foregoing positions.

23. Moreover, on August 2, 2018, Plaintiff contacted the City's Director of Human Resources and complained about the harassment and discrimination that he had endured and requested a meeting to address same.

24. In response to the foregoing complaint the City, through Fire Chief Young, retaliated against Plaintiff by suspending his employment and placing him on administrative leave almost immediately after the complaint.

25. On August 6, 2018, Plaintiff filed a request with Defendant seeking an investigation of Fire Chief Young based upon his inappropriate, overtly biased, retaliatory and hostile conduct towards Plaintiff based upon illegal motives.

26. Defendant has allowed an agenda to exist which is aimed at harassing Plaintiff, as well as impeding and destroying his career in Fire Rescue.

27. The following day, August 7, 2018, Plaintiff received notice that he was once again the subject of an administrative investigation that could lead to termination, being accused of threatening behavior on August 1, 2018, by posting on Facebook a line from a movie. The foregoing post was not directed at the City, nor anybody from the City or anybody in particular. Moreover, Plaintiff never threatened or spoke negatively to anybody on this day and never took any action against anybody that could have been construed as a threat.

28. On or about April 12, 2019, Defendant terminated Plaintiff's employment in retaliation for his having engaged in legally proteced activity and to further discriminate and harrass Plaintiff.

29. Plaintiff subsequently appealed the termination of his employment which concluded with an arbitration decision in January of 2020 that compelled Defendant to reinstate Plaintiff's employment.

30. On or about February 19, 2020, Plaintiff filed the instant action alleging claims for disability and age discrimination, as well as retaliation in violation of the ADA, the FCRA and the ADEA.

31. On or about March 17, 2020 Defendant terminated Plaintiff's reinstated employment claiming that due to medical restrictions Plaintiff was unable to perform

active firefighting duties and that the Defendant deemed, unilaterraly, it had no employment positions available to Plaintiff.

32. Defendant's articulated reason for terminating Plaintiff was a pretext to engage in illegally motivated conduct, including discriminating and retaliating against Plaintiff.

33. Plaintiff has suffered damages as a direct and proximate result of Defendant's illegal conduct.

34. As a result of the foregoing, Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel a reasonable attorney's fee.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

35. Plaintiff adopts and re-alleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA in that Plaintiff was capable of performing all essential functions of the position that he held or other positions that should have been available to him, with or without a reasonable accommodation.

37. Likewise, at all times relevant to this action, Plaintiff (a) suffered from one or more actual disabilities and/or physical impairments that substantially limited one or more major life activities, (b) had a record of being disabled, and/or (c) was perceived by Defendant as being actually disabled and/or substantially limited in one or more major life activities.

38. Defendant was prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to the terms, conditions, and privileges of employment and not treating Plaintiff adversely because of same.

39. Defendant violated the ADA by, among other things, treating Plaintiff in a disparate and hostile manner due to his disabling condition and/or failing to accommodate and/or engage Plaintiff in a mandatory interactive process regarding any such an accommodation.

40. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the ADA;

b. Declare Defendant's conduct to be in violation of the ADA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

41. Plaintiff adopts and re-alleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

42. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA in that Plaintiff was capable of performing all essential functions of the position that he held, with or without a reasonable accommodation.

43. Likewise, at all times relevant to this action, Plaintiff (a) suffered from one or more actual disabilities and/or physical impairments that substantially limited one or more major life activities, (b) had a record of being disabled, and/or (c) was perceived by Defendant as being actually disabled and/or substantially limited in one or more major life activities.

44. Defendant was prohibited under the FCRA from discriminating against Plaintiff because of his disability with regard to the terms, conditions, and privileges of employment and not treating Plaintiff adversely because of same.

45. Defendant violated the FCRA by, among other things, treating Plaintiff in a disparate and hostile manner due to his disabling condition and/or failing to accommodate and/or engage Plaintiff in a mandatory interactive process regarding any such an accommodation.

46. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

b. Declare Defendant's conduct to be in violation of the FCRA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT III
## RETALIATION BASED UPON DISABILITY IN VIOLATION OF THE ADA

47. Plaintiff adopts and re-alleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

48. Plaintiff was in a protected group (disabled) at all times material to this action. Defendant subjected Plaintiff to disability discrimination.

49. As described above, Plaintiff engaged in protected activity by voicing opposition to Defendant's discrimination and opposing Defendant's failure to comply with its obligations under the ADA.

50.     Defendant retaliated against Plaintiff for his having engaged in legally protected activity under the ADA, including terminating his employment.

51.     Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a.  Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the ADA;

b. Declare Defendant's conduct to be in violation of the ADA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT IV
## RETALIATION BASED UPON DISABILITY IN VIOLATION OF THE FCRA

52.     Plaintiff adopts and re-alleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

53.     Plaintiff was in a protected group (disabled) at all times material to this action. Defendant subjected Plaintiff to disability discrimination.

54. As described above, Plaintiff engaged in protected activity by voicing opposition to Defendant's discrimination and opposing Defendant's failure to comply with its obligations under the FCRA.

55. Defendant retaliated against Plaintiff for his having engaged in legally protected activity under the FCRA, including terminating his employment.

56. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

b. Declare Defendant's conduct to be in violation of the FCRA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT V
## AGE DISCRIMINAITON IN VIOLATION OF THE ADEA

57. Plaintiff realleges the factual allegations contained in paragraphs (1)

through thirty-four (34) as if fully set forth herein.

58. Plaintiff was subjected to disparate treatment when compared to his co-workers based upon his age by Defendant.

59. Plaintiff's age was the determining factor in Defendant's decision to treat Plaintiff in such a disparate manner and failing to promote Plaintiff.

60. Defendant's discrimination of Plaintiff, including its decision not to promote Plaintiff, adversely affected the terms and conditions of his employment.

61. Defendant failed to promote Plaintiff based upon his age.

62. Defendant knowingly and willfully discriminated against Plaintiff on the basis of his age in violation of the ADEA.

63. Plaintiff has been damaged as a direct and proximate cause of Defendant's conduct.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the ADEA;

b. Declare Defendant's conduct to be in violation of the ADEA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, liquidated damages in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT VI
## AGE DISCRIMINAITON IN VIOLATION OF THE FCRA

64. Plaintiff realleges the factual allegations contained in paragraphs (1) through thirty-four (34) as if fully set forth herein.

65. Plaintiff was subjected to disparate treatment when compared to his co-workers based upon his age by Defendant.

66. Plaintiff's age was the determining factor in Defendant's decision to treat Plaintiff in such a disparate manner and failing to promote Plaintiff.

67. Defendant's discrimination of Plaintiff, including its decision not to promote Plaintiff, adversely affected the terms and conditions of his employment.

68. Defendant failed to promote Plaintiff based upon his age.

69. Defendant knowingly and willfully discriminated against Plaintiff on the basis of his age in violation of the FCRA.

70. Plaintiff has been damaged as a direct and proximate cause of Defendant's conduct.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

b. Declare Defendant's conduct to be in violation of the FCRA and order said Defendant to institute policies, practices and programs which provide equal

employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

### COUNT VII – RETALIATION BASED UPON AGE IN VIOLATION OF THE ADEA

71. Plaintiff adopts and re-alleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

72. Plaintiff was in a protected group (age) at all times material to this action. Defendant subjected Plaintiff to age discrimination.

73. As described above, Plaintiff engaged in protected activity by voicing opposition to Defendant's discrimination and opposing Defendant's failure to comply with its obligations under the ADEA.

74. Defendant retaliated against Plaintiff for his having engaged in legally protected activity under the ADEA, including disciplining Plaintiff and terminating his employment.

75. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

    a.  Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the ADEA;

    b. Declare Defendant's conduct to be in violation of the ADEA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

    c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, liquidated damages in an amount to be proved at trial and prejudgment interest thereon;

    d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

    e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT VIII – RETALIATION BASED UPON AGE IN VIOLATION OF THE FCRA

76.    Plaintiff adopts and re-alleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

77.    Plaintiff was in a protected group (age) at all times material to this action. Defendant subjected Plaintiff to age discrimination.

78.    As described above, Plaintiff engaged in protected activity by voicing opposition to Defendant's discrimination and opposing Defendant's failure to comply with its obligations under the FCRA.

79. Defendant retaliated against Plaintiff for his having engaged in legally protected activity under the FCRA, including disciplining Plaintiff and terminating his employment.

80. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

a. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

b. Declare Defendant's conduct to be in violation of the FCRA and order said Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

c. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

d. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees; and

e. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby exercises his right to have a jury trial for all issues triable as such under law.

Dated: 4/27/20  Respectfully submitted,

**TOBIN LAW GROUP, PL**

*/s/ Bradley A. Tobin*
Bradley A. Tobin
Florida Bar No. 0101818
btobin@tobinlawgroup.com
Westchase Commons
13043 West Linebaugh Ave.
Tampa, Florida 33626
Tel: (813) 452-6199
Fax (813) 830-7200
Attorney(s) for Plaintiff.